2006 UT App 491

**MacDONALD REDHAWK INVESTORS,**
**a general partnership, et al.,**
**Plaintiffs and Appellees,**

v.

**The RIDGES AT REDHAWK, L.L.C., a**
**Utah limited liability company, et**
**al., Defendants and Appellants.**

**No. 20051063–CA.**

Court of Appeals of Utah.

Dec. 7, 2006.

David W. Scofield and Thomas W. Peters, Peters Scofield Price, Salt Lake City, for Appellants.

James S. Lowrie, R.L. Knuth, and Ryan M. Harris, Jones Waldo Holbrook & McDonough, Salt Lake City, for Appellees.

Before BENCH, P.J., GREENWOOD, Associate P.J., and DAVIS, J.

## MEMORANDUM DECISION

BENCH, Presiding Judge:

¶ 1 The Ridges at Redhawk, L.L.C. (the Ridges) appeals the district court's denial of its motion to compel arbitration to interpret and enforce a prior arbitration award.

¶ 2 "[W]hether a trial court correctly decided a motion to compel arbitration is a question of law which we review for correctness, according no deference to the district judge." *Central Fla. Invs., Inc. v. Parkwest Assocs.*, 2002 UT 3, ¶ 10, 40 P.3d 599. Utah Code section 78–31a–108(2) provides that "[i]f the court finds that there is an enforceable agreement to arbitrate, it shall order the parties to arbitrate." Utah Code Ann. § 78–31a–108(2) (2002). MacDonald Redhawk Investors (MacDonald) and the Ridges previously entered into the Redhawk Development Operating Agreement (the RDC), which provided that any "dispute[ ] between the [parties] arising out of or related to this Agreement, shall be via binding arbitration." The parties submitted their disputes relating to the RDC to arbitration. The arbitration panel rendered a decision, and the district court confirmed the award. The Ridges contends that the arbitration panel retained jurisdiction over the arbitration award. We disagree.

[2–4] ¶ 3 "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Central Fla. Invs., Inc.*, 2002 UT 3 at ¶ 10, 40 P.3d 599 (quotations and citation omitted). The parties complied with the RDC by submitting to arbitration the disputes arising out of that agreement. Because the dispute now concerns the interpretation and enforcement of the arbitration award, the RDC's arbitration clause does not apply. Although the Ridges suggested that the arbitration panel retain jurisdiction, the panel did not explicitly include the suggestion in its award, nor did MacDonald agree to that condition. Further, after the arbitration panel rendered its decision, the parties submitted the award for confirmation to the district court. "An award which is confirmed ... by the [district] court shall be treated and enforced in all respects as a judgment." Utah Code Ann. § 78–31a–16 (2002). Because the district court's confirmation of the arbitration award constitutes a judgment, the court has the right to interpret and enforce the award. *See Taylor Nat'l, Inc. v. Jensen Bros. Constr. Co.*, 641 P.2d 150, 154 (Utah 1982) ("A party receiving a judgment is entitled to have that judgment enforced by the granting court."); *Ketchum Coal Co. v. Christensen*, 48 Utah 214, 159 P. 541, 544 (1916) ("Every court has the inherent power and authority, and upon it rests the duty of enforcing its own judgments.").

¶ 4 We conclude that the district court did not err in denying the motion to compel arbitration.

¶ 5 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge and JAMES Z. DAVIS, Judge.